No. 6321.

## N. D. CHOATE v. MCILHENNY COMPANY.

1. TRIAL OF RIGHT OF PROPERTY — ISSUES.— A claimant in presenting issues under the statute must state the nature of his claim to the property. Where such claimant alleged a purchase from one of the defendants against whom the writ extended, which purchase was successfully attacked for fraud, he can not take advantage on the trial of testimony developing that his vendor had a partner owning half interest in the property, so as to reduce the effect of the attack upon his contract of purchase to the separate interest of his vendor.

2. NEW TRIAL.—A motion for new trial upon ground of ignorance of such partial ownership, by his vendor, should be supported by satisfactory proof of ignorance before the trial.

3. FACT CASE.—But the claimant having disposed of more than half of all the property purchased, the seizure of less than one-half would not work damage to his half interest not attacked

APPEAL from Coryell. Tried below before the Hon. T. L. Nugent.

The facts sufficiently appear in opinion.

*Vardiman, Atkinson & White,* for appellant: 1. One who levies on property of a defendant acquires only such interest as the defendant had therein unless such interest is within purview of the registration laws. (Ayres v. Duprey, 27 Texas; Grace v. Wade, 45 Texas.)

2. Property held in trust by one for another is not within the purview of registration laws. (Blankenship v. Douglass, 28 Texas.)

3. A levy upon goods which are the property of a partnership by process against one of the partners only binds the interest which that partner may have in the goods after the payment of all the partnership debts.

4. Holmes and Hammack were partners at the time of the levy, the business was carried on in the name of Holmes. They had property to the amount of two thousand five hundred dollars and owed debts, for which they, as partners, were liable to the amount of two thousand dollars or two thousand

five hundred dollars. Only the interest which A. J. Holmes had in the property after the payment in the partnership debts was subject to the levy. (Lee v. Wilkins, 65 Texas, 295.)

GAINES, ASSOCIATE JUSTICE. The appellee having sued out a writ of attachment against H. L. Watkins & Co., A. J. Holmes and others, caused it to be levied upon a stock of liquors and certain bar fixtures claimed by appellant. The latter made oath and gave bond to try the right of property, and the cause having come on for trial in the district court there was a verdict and judgment against him.

The appellee, the plaintiff below, in its tender of issue, alleged that the property in controversy belonged to the defendants in the writ, and that it had been fraudulently transferred to the claimant and that he had notice. The defendant (claimant) pleaded a general denial to this, and also denied specially, that the transfer was fraudulent, and further denied his knowledge of the fraud if any in fact existed. It appeared in evidence that A. J. Holmes, one of the defendants in the original suit having determined to put his property beyond the reach of the plaintiff and other creditors, sold the liquors and bar fixtures in controversy to the claimant for two thousand six hundred dollars; five hundred dollars of which was paid in cash and for the balance of which the claimant Choate gave his notes. It was also developed by the testimony that one Hammack was a silent partner of Holmes in the saloon business, and that at the time of the sale to Choate the liquors and bar fixtures belonged to the partnership, each partner owning a half interest therein.

The jury found for the plaintiff, and the court gave judgment for seven hundred and seventy-seven dollars and fifty cents, the entire value of the goods seized and for ten per cent damages upon that amount. The errors assigned are in substance that the judgment is unsupported by the evidence, because it is for the value of the whole of the property, and it was proved that Holmes owned but one-half of it; that the court erred in not charging the jury that if the goods, at the time of the transfer, belonged to both Holmes and Hammack that they should find for plaintiff the value only of Holmes's interest in them; that the court erred in not granting the motion for a new trial for the reasons therein given.

The statute prescribes that the issues made up for the trial of

the right of property "shall consist of a brief statement of the authority and right by which the plaintiff seeks to subject the property levied on to his execution and of the nature of the claim of the defendant thereto." (Rev. Stat., art. 4834.) In his pleading the claimant admits the purchase of the goods of Holmes, but alleges they were sold in good faith. Nothing is said of the half interest of Hammack in the attached property. Under the issues so presented, it was not error in the court to refuse to charge the jury upon this question or to give judgment for the full value of the property.

In his motion for a new trial, defendant set up that he did not know until the trial of the case that Hammack had an interest in the property, and he files with his motion the affidavit of Hammack to the effect that he did own a half interest in the goods at the time of the sale, and did not know whether Choate was aware of the fact or not, but thought he was not. The defendant does not himself make oath to his want of knowledge of the fact before the trial. Under these circumstances the court correctly overruled the motion. If the defendant had sworn that he was ignorant of Hammack's interest in the goods until after the trial had begun, and if all the goods sold had been seized and claimed it would perhaps have been proper for the court to have granted the new trial, so that he could have amended and set up the facts, and could thereby have defeated a recovery for goods which Holmes never owned. But the evidence shows that the property, at the time of the claimant's purchase, was of the value of two thousand six hundred dollars—only seven hundred and seventy-seven dollars and fifty cents worth were found on hand at the time of the levy. The sale to him being fraudulent, it thus appears that he had already disposed of all the goods to which he was lawfully entitled at the time. The goods remaining were properly held subject to the payment of the debts of the fraudulent seller.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Opinion delivered June 5, 1888.